UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re<br><br>ARTHUR T. FLOWERS,<br><br>    Debtor. | Case No. 06-31560<br>Chapter 7 |
| FIA CARD SERVICES, N.A.,<br><br>    Plaintiff,<br><br>  v.<br><br>ARTHUR T. FLOWERS,<br><br>    Defendant. | Adv. Pro. 07-3009 |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion for Summary Judgment filed by Defendant Arthur T. Flowers, Jr. (Doc. 22). Plaintiff FIA Card Services, N.A., opposes the motion. (Doc. 25). The Court heard the arguments of counsel on August 14, 2007. For the reasons set forth below, the Defendant's motion is GRANTED and the complaint is DISMISSED WITH PREJUDICE. The Court further finds that the position of Defendant FIA Card Services was not substantially justified and awards reasonable attorneys' fees to the Defendant. The Court will, by way of a separate document, enter judgment and will schedule filings for the allowance of attorney's fees.

## I. FACTS

Arthur T. Flowers, the Debtor in the underlying bankruptcy case and the Defendant in this Adversary Proceeding, filed a petition in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code on November 22, 2006. (Case No. 06-31560, Doc. 1).[1] Plaintiff FIA Card Services, Inc., alleges that it is owed $23,367.49, and of that amount, $4,000.00 was incurred on either August 16 or 17, 2006, which is either 97 or 98 days prior to the date of the petition. (Doc. 1). FIA alleges that the $4,000.00 should be excepted from the debtor's discharge on the basis of fraud. FIA makes no complaint as to the remaining $19,367.49 that it alleges is owed.

Flowers submitted an Affidavit in support of his motion, the contents of which are not disputed by FIA. Flowers states that he had a cardiac arrest on June 7, 2006, and that his heart stopped for a few minutes. (Doc. 22, Ex. 1). Flowers swears that he had always paid his bills on time and that it was always his intention to repay his debts. Id.[2]

Flowers filed Schedules with the Court reporting unsecured debts in the amount of $64,096.00, none of which he reports as owing to Plaintiff FIA Card Services, Inc. (Case No. 06-31560, Doc. 1). FIA filed an Affidavit of Yasemin Kabacaoglu. (Doc. 25, Ex. 3). Kabacaoglu states that he is a custodian of records for FIA. He does not provide his business address, his title or even indicate whether he is a salaried employee or a contractor of some sort. Kabacaoglu states that the records of FIA indicate that it is owed money by Flowers. FIA does

---

[1] Citations to documents filed in the main case are indicated with the case and document number, while citations to documents filed in this Adversary Proceeding are indicated only by the document number.

[2] A search of this Court's database does not indicate any other bankruptcy filings by the Debtor.

-2-

not provide any evidence that it acquired the indebtedness owed by Flowers, or that Flowers or explain as to how it came to his creditor.

FIA did not appear at the meeting of creditors in Flowers bankruptcy case nor did it take his deposition here. There is no evidence in this Court's record that there was ever any contact between FIA and Flowers. For purposes of this motion only, the Court will assume that Flowers does in fact owe FIA the amount alleged. As the evidence does not indicate that any statements were ever made by Flowers to FIA, it follows that he could not have made a false statement. It is FIA's contention that Flowers nevertheless intended to defraud it, notwithstanding the absence of a statement. FIA's claim that Flowers intended to defraud it is based solely on the fact that it was not paid.

FIA argues that the Court should draw an inference that fraud is present based upon the fact that a $4,000.00 cash advance was taken on August 16, 2006, which represents 26.29% of Flowers reported income for the year 2006. (Doc. 25, Ex. 2). Having calculated the percentage of Flowers' income and debt with such precision, it should be noted that FIA did not, at any time, ask Flowers what his income actually was, nor did they inquire as to the state of his health. Even if one were to presume that the use of a credit card is an implied representation as to the borrowers' intention to pay, under the facts of this case, FIA's total failure to make any effort to inquire into Flowers' personal and financial situation makes any reliance upon this implied representation both unreasonable and unjustified.

-3-

Case 07-03009   Doc 30   Filed 09/26/07   Entered 09/26/07 15:11:33   Desc Main
Document   Page 3 of 9

## II. LAW

### A. Jurisdiction

This is an Adversary Proceeding to determine whether a debt should be excepted from the Debtor's discharge, for fraud, pursuant to 11 U.S.C. § 523(a)(2). This Court has jurisdiction to hear this Adversary Proceeding pursuant to 11 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

### B. Summary Judgment Standard

Summary judgment is only proper when there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56, made applicable to Adversary Proceedings pursuant to FED. R. BANKR. P. 7056. Rule 56(c) provides: "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "When a party moves for summary judgment, the court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party." Thomas v. Gulf Coast Credit Servs., Inc., 214 F.Supp.2d 1228, 1231 (M.D. Ala. 2002). The court does not "weigh the evidence to determine the truth of the matter, but solely determines whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

The party seeking summary judgment "always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings,

-4-

Case 07-03009    Doc 30    Filed 09/26/07    Entered 09/26/07 15:11:33    Desc Main
Document      Page 4 of 9

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Lancaster v. Phillips Investments, LLC, 482 F.Supp.2d 1362, 1364 (M.D. Ala. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. Id. (quoting Celotex, 477 U.S. at 322-23). "The plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Johnson v. Board of Regents of Univ. of Ga., 263 F.3d 1234, 1243 (11th Cir. 2001).

The burden then shifts to the non-moving party to establish that there are material facts in dispute. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "If the non-moving party fails to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof, then the court must enter summary judgment for the moving party." Gonzalez v. Lee County Housing Auth., 161 F.3d 1290, 1294 (11th Cir. 1998) (quoting Celotex, 477 U.S. at 323).

### C. Fraud

FIA brought this Adversary Proceeding alleging that the debts owed to it by Flowers are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge in bankruptcy does not discharge an individual

Case 07-03009    Doc 30    Filed 09/26/07    Entered 09/26/07 15:11:33    Desc Main
Document      Page 5 of 9

debtor from debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by – false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's . . . financial condition." 11 U.S.C. § 523(a)(2)(A). In order to prevail under that section, the creditor must prove the following elements:

(1) The debtor made false representations with the intent to the defraud the creditor;

(2) The creditor justifiably relied on the false misrepresentations; and

(3) The creditor sustained a loss caused by the debtor's misrepresentations.

Fuller v. Johannessen (In re Johannessen), 76 F.3d 347, 350 (11th Cir. 1996); see also, Overly v. Guthrie (In re Guthrie), 265 B.R. 253, 258 (Bankr. M.D. Ala. 2001); Lee v. Lambert (In re Lambert), 2006 WL 3742243 (Bankr. M.D. Ala. Dec. 18, 2006). It is well established that exceptions to discharge are narrowly construed in the debtor's favor. See Gleason v. Thaw, 236 U.S. 558, 562 (1915); Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986). As it is undisputed that no express representation was made by Flowers to FIA, it follows that the elements of a traditional fraud claim are not established.

The United States Court of Appeals for the Eleventh Circuit has not handed down a decision dealing with the dischargeability of a credit card debt in more than 20 years. First National Bank of Mobile v. Roddenberry, 701 F.2d 927 (11th Cir. 1983). While Roddenberry was decided under the Bankruptcy Act, rather than the Bankruptcy Code, its holding is still binding on lower courts as section 17a of the Act is nearly identical to section 523(a)(2)(A) of the existing Bankruptcy Code.[3] Therefore, Roddenberry is still good law.

---

[3] Section 17a [Bankruptcy Act of 1898] provides that "[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except

The Eleventh Circuit, in Roddenberry, held that:

> [W]e hold that the voluntary assumption of risk on the part of a bank continues until it is clearly shown that the bank unequivocally and unconditionally revoked the right of the cardholder to further possession and use of the card, and until the cardholder is aware of this revocation. A card issue, acting upon it own judgment, may elect to continue to extend credit; it shall be presumed to do so until clear revocation has taken place. Only after such clear revocation has been communicated to the cardholder with further use of the card result in liabilities obtain by "false pretenses or false representations" within the meaning of section 17a(a)'s [now 523(a)(2)(A)] exemption from discharge. It is more than an intentional concealment of insolvency; it is an affirmative misrepresentation that one is entitle to possess and use the card.

Id. at 932. The evidence here is undisputed. No revocation was made at any time by FIA. It follows that FIA has failed to establish a factual basis to support its claim of nondischargeability. Implicit in FIA's argument is that Flowers knew or should have know that he could not repay the money and therefore should not have borrowed, even though it was willing to lend. Flowers filed an affidavit setting out that it was his intention to repay FIA, and that affidavit was not rebutted by any evidence. Thus, even if FIA's legal contention was correct (which it is not), it still does not have any evidence to support its claim.

The decision of the Eleventh Circuit in Roddenberry is inconsistent with the "implied representation" theory advanced by FIA here. Indeed, FIA would place the burden of

---

such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations." 11 U.S.C. § 35a(2) (repealed 1978).

Section 523(a)(2)(A) [Bankruptcy Code of 1978] excepts from discharge those debts "for money, property, services, or an extension, renewal, or refinancing of creditor to the extent obtained, by– (A) false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

-7-

underwriting its lending to its borrowers. If they "failed" to protect the lender, their penalty would be nondischargeability. If the theory of liability advanced by FIA were to be accepted, the idea of an exception to discharge would be swallowed up by this new duty imposed upon the debtors. Indeed, it would appear that virtually any credit card debt would become nondischargeable under this theory.

### D.  Attorney's Fees

Section 523(d) shifts attorney's fees in those instances where a creditor requests a determination of dischargeability under section 523(a)(2) and the debtor prevails. Attorneys' fees are to be awarded to a debtor who prevails unless the position of the creditor was "substantially justified" or "special circumstances would make the award unjust." 11 U.S.C. § 523(d). As the creditor in this case has no evidence of fraud, its position is not substantially justified. Moreover, there are no "special circumstances" present here which should preclude an award of attorney's fees. Indeed, it appears that the Debtor here is the quintessential "honest but unfortunate" debtor who should receive the benefit of his discharge. It appears that the Debtor used his best efforts to repay his creditors and would have done so but for his extraordinarily serious health problems. The Creditor here has alleged fraud without any basis in fact, but also without making any attempt to learn the facts of this case. This is an appropriate case for an award of attorney's fees.

Case 07-03009    Doc 30    Filed 09/26/07    Entered 09/26/07 15:11:33    Desc Main
Document      Page 8 of 9

## III.  CONCLUSION

The evidence here is not in dispute.  Plaintiff FIA has no evidence of fraud, indeed it has not even attempted to obtain any evidence.  It has simply alleged fraud with no basis in fact.  For this reason, the Defendant's motion for summary judgment is GRANTED.  Moreover, the Court will award attorney's fees.  The Court will enter judgment by way of a separate document and will provide a schedule for the filing of a request for attorney's fees by way of a separate order.

Done this the 26th day of September, 2007.

/s/ William R. Sawyer
United States Bankruptcy Judge

-9-